IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHRISTOPHER MILLS, # 289-156          *
              # SID1280282
Plaintiff                             *

v.                                    *    Civil Action No.WDQ-15-616

WEXFORD HEALTH SOURCES,               *
DEP'T PUBLIC SAFETY AND
CORRECTIONAL SERVICES                 *

Defendants                            *
                             ***

## MEMORANDUM

Before the Court is Christopher Mills' request for emergency injunctive relief and the Response filed by the Office of the Attorney General. (ECF 1, 7). On April 13, 2015, the Court informed Mr. Mills that counsel's response will be construed as a Motion for Summary Judgment, and granted him an opportunity to reply consonant with the holding in *Roseboro v. Garrison.*[1] (ECF 8, 9). Also pending are Mr. Mills' Motion for Judgment of Damages and two Motions to Stay this case. (ECF 10, 11, 13).

The matter is ripe for review and a hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated herein, summary judgment will be granted in favor of Defendants and counsel shall file a status report within thirty days indicating the date Mr. Mills' medical treatment will commence.

## BACKGROUND

On March 4, 2015, Mr. Mills, who is an inmate at North Branch Correctional Institution in Cumberland, Maryland, filed a Complaint claiming denial of adequate medical treatment for Hepatitis C and requesting injunctive relief. Specifically, he requested that he be prescribed the

---

[1] *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975).

medication Harvoni to treat Hepatitis C. (ECF 1). He explained that he has portal hypertension and an enlarged spleen due to extensive scaring of the liver due to cirrhosis. Treatment of this condition with the medication Interferon was stopped due to his low platelet count. *Id.* Mr. Mills, who states he is "Interferon resistant," (ECF 1, p. 3), has also submitted an article from *Healthline News* which identifies Harvoni as a medication used to treat Hepatitis C that does not require use of Interferon. (ECF 1-1 p. 2). Mr. Mills asserts he is "experiencing continued daily pain and if the defendants do not provide [him] with the drug (Harvoni) [his] liver will become decompensated cirrhosis [sic] which is irreversible." (ECF 1-2. p. 1).

On April 9, 2015, the Office of the Attorney General, by its attorneys, responded with verified exhibits and declarations. (ECF 7). Counsel explained that antiviral therapy treatment protocol for Hepatitis C ("HCV") involves evaluation by a Department of Public Safety and Correctional Services' (DPSCS) HCV Panel comprised of Wexford regional medical directors and site specific providers, medical and mental health physicians for Wexford, MHM (the mental health provider), the statewide epidemiologist for Wexford, the statewide clinical pharmacologist for Correct RX (the pharmacy vendor), and the Wexford contracted statewide infectious disease specialist. (ECF 7-1, pp. 2-3, 9-14). Inmates requesting treatment with new HCV medications can be referred directly to the Wexford infectious disease consultant for consideration prior to panel assessment, but in order to receive the medications the panel process must be completed. *Id.* at 8.

The Response indicates that on March 30, 2015, Mr. Mills was approved by the Hepatitis C Clinical Review Panel for administration of Harvoni, and will be given the medication for six months or twenty-four weeks. (ECF 7, p. 8, *see also* ECF 7-2, ECF 7-3). *Id.* In light of this approval, counsel argues Mr. Mills' request for injunctive relief is moot. Further, counsel asserts

2

Mr. Mills fails to satisfy the standard for issuance of preliminary injunctive relief required by *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

## ANALYSIS

### A. Motion for Summary Judgment

Plaintiff was notified Defendants' substantive response will be treated as motion for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger,* 510 F.3d at 450. However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

3

In undertaking this inquiry, the Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (U.S. 2009); *Scott v. Harris*, 550 U.S. 372, 378 (2007). The Court must also abide by its affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment must be granted. *Anderson*, 477 U.S. at 249-50. On the other hand, a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999). This Court has previously explained that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citations omitted).

Under these circumstances, the Court finds that even when the facts and all reasonable inferences are considered in the light most favorable to Mr. Mills, no genuine issue of material fact is presented, and judgment in favor of Defendants is appropriate. Mills does not dispute he has been approved for Harvoni treatment, the relief he seeks in his request for injunctive relief. To the extent he expresses concern about when treatment will commence (ECF 13), the Court will direct counsel to file a status report within thirty days stating whether treatment has begun or when it will begin. Status reports will be required every thirty days thereafter until commencement of treatment.

## B. Preliminary Injunctive Relief

A preliminary injunction is an extraordinary and drastic remedy. *See Munaf v. Geren*, 553 U.S. 674, 689–90 (2008). For injunctive relief to be granted, the claimant must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 19 (2008). All four requirements must be satisfied. *See Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part on remand, 607 F.3d 355 (4th Cir. 2010) (per curiam). Courts should grant preliminary injunctive relief involving the management of prisons only under exceptional and compelling circumstances. *See Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994). A plaintiff must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Group*, 952 F.2d 802, 812 (4th Cir. 1991) (citation omitted).

Because Mr. Mills has already been approved for the treatment he seeks, counsel maintains there is no live controversy between the parties. The undersigned agrees. *See e.g. Pappas v. Legg Mason Wood Walker, Inc.*, 989 F.2d 494 (4th Cir. 1993) (per curiam) [Table] (finding a motion for a temporary restraining order moot because the request "no longer presents a live controversy").[2] Mills' request for injunctive relief (ECF 1) has been mooted by approval of treatment and his motions to stay (ECF 11, 13) this case are unnecessary.

---

[2]   "To qualify as a case fit for federal court adjudication an actual controversy must be extant at all stages of review...." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). "[M]ootness [is] derived from the Constitution, specifically Article III, which requires a 'case or controversy' as the fundamental ingredient of subject matter jurisdiction." *Mobley v. Acme Mkts., Inc.*, 473 F.Supp. 851, 858 (D.Md. 1979).

5

As a final matter, the Court turns to Mr. Mills' other pending motions. First, in his Motion for Judgment of Damages, Mr. Mills avers that he has a right to have a jury to decide damages. As this Court finds this matter is appropriate for summary judgment, a hearing in this matter is not necessary pursuant to the local rules in this district. Most importantly, contrary to Mr. Mills' uncorroborated assertions, Defendants have not admitted to violating his Eighth Amendment rights, nor has this Court determined there was a constitutional violation. Insofar as Mr. Mills states he intends to proceed in an ongoing class action (ECF 10), he neither identifies the case, nor indicates why he is an appropriate member of the class.[3] Accordingly, his Motion for Judgment of Damages (ECF 13) will be denied.

In his paper titled "Motion for Automatic Stay," Mr. Mills requests a stay of indefinite duration because he is a self-represented plaintiff without formal legal training and "has requested counsel to better equate damages and or discovery." (ECF 11). Notably, Mills has not filed a Motion for Appointment of Counsel, nor does he present grounds showing exceptional circumstances warranting appointment of counsel or staying these proceedings. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (explaining whether exceptional circumstances exist for appointment of counsel in a case depends on the characteristics of the claim and the litigant). Mr. Mills has adequately presented his Complaint for injunctive relief, and his pro se status alone does not merit appointment of counsel or an indefinite stay of this case. For these reasons, the Motion (ECF 11) will be denied.

Mills' second "Motion to Stay Proceedings" accurately observes that the Response states that he has been approved for treatment which will take from twelve to twenty-four weeks to

---

[3]  To the extent that Plaintiff is alleging a claim for medical malpractice, such a claim is not cognizable under § 1983. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional claim merely because the victim is a prisoner."); *Miltier v. Beorn*, 896 F.2d 848, 853 (4th Cir. 1990) (noting that mere negligence or malpractice does not violate the Eighth Amendment). Of course, if Mr. Mills intends to pursue his claims of past inadequate medical care, he may file a separate complaint.

complete, but is silent as to when treatment will commence. (ECF 13). Mills asks to stay this matter to ensure his treatment is started and completed in a timely fashion to avoid additional judicial proceedings should he need to seek further injunctive relief. As this Court will require status reports concerning Mr. Mills' HCV treatment, a stay is unnecessary.

## CONCLUSION

For the foregoing reasons, Mr. Mills' Motion for Judgment of Damages (ECF 10), Motion for Automatic Stay (ECF 11), and Motion to Stay Proceedings (ECF 13) will be denied. Defendants' Response, treated as a motion for summary judgment, is granted. Counsel shall file a status report within thirty days stating whether Mr. Mills' treatment has begun, or when it is scheduled to begin. Status reports will be required every thirty days thereafter until commencement of treatment. A separate Order follows.

_5/7/15_
Date

William D. Quarles, Jr.
United States District Judge

7